U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 27 2019

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL BARRETT, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-741-A |
| | § | (NO. 4:16-CR-132-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Michael Barrett, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion with its attached memorandum, the government's response, movant's reply, the record in the underlying criminal case, No. 4:16-CR-132-A, styled "United States v. Charles Ben Bounds, et al.," and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On June 15, 2016, movant was named, along with others, in a one-count second superseding indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of

methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 286. On August 5, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 496. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 497. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 1313.

The probation officer prepared the PSR, which reflected that movant's base offense level was 34. CR Doc. 793 ¶ 35. He received

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-132-A.

2

two-level enhancements for possession of a dangerous weapon, id. ¶ 36, importation from Mexico, id. ¶ 37, and maintaining a drug premises. Id. ¶ 38. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 44, 45. Based on a total offense level of 37 and a criminal history category of IV, movant's guideline range was 292 to 365 months. Id. ¶ 104. Movant filed numerous objections, CR Doc. 1205, and the probation officer prepared an addendum to the PSR. CR Doc. 924. The probation officer opined that movant frivolously contested the relevant conduct in the PSR, objecting to 12 of 17 paragraphs. In addition, the probation officer determined that movant should be held accountable for a greater quantity of drugs. Thus, the guideline range was recalculated to omit acceptance of responsibility and include the increased amount of drugs. The new guideline range was 360 months to life, but the statutorily-authorized maximum sentence was 40 years. Thus, the new range became 360 months to 480 months. Id. Movant objected to the addendum. CR Doc. 1206.

On January 20, 2017, movant was sentenced to a term of imprisonment of 420 months, to be followed by a 4-year term of supervised release. CR Doc. 1091. He appealed on his own, CR Doc. 1100, and through his attorney, Leigh W. Davis ("Davis"). CR Doc. 1111.

Davis filed a motion to withdraw as counsel and for appointment of new counsel for movant. CR Doc. 1136. The court set Davis's motion for hearing. CR Doc. 1137. Movant filed his own motion for appointment of new counsel for appeal. CR Doc. 1140. The court held a hearing on February 2, 2017, and denied the motion to withdraw. CR Doc. 1144; CR Doc. 1145. Movant, acting pro se, filed an amended motion to appoint appellate counsel, CR Doc. 1306, which the court denied. CR Doc. 1307.

The United States Court of Appeals for the Fifth Circuit affirmed the judgment as well as the court's order denying the motion to withdraw and substitute counsel. United States v. Barrett, 718 F. App'x 288 (5th Cir. 2018). The Court thereafter allowed Davis to withdraw. CR Doc. 1475. Movant filed a pro se petition for writ of certiorari, which was denied. Barrett v. United States, 139 S. Ct. 786 (2019).

II.

Grounds of the Motion

Movant raises eight grounds in support of his motion, worded as follows:

**GROUND ONE:** Ineffective Assistance of Counsel

Doc.[2] 1 at PageID[3] 4.

    **GROUND TWO**: Acceptance of Responsibility

<u>Id.</u> at PageID 5.

    **GROUND THREE**: Drug Quantity

<u>Id.</u> at PageID 6.

    **GROUND FOUR**: Criminal History

<u>Id.</u> at PageID 8.

    **GROUND FIVE**: Importing Enhancement

<u>Id.</u> at PageID 9.

    **GROUND SIX**: Enhancement for Maintaining a Residence

<u>Id.</u>

    **GROUND SEVEN**: Firearm Enhancement

<u>Id.</u>

    **GROUND EIGHT**: Supervised Release

<u>Id.</u>

### III.

### Standards of Review

A.   <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the printed numbers on the form used by movant are not the actual page numbers.

fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of

7

deficient performance and prejudice is not sufficient to meet the
Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir.
2000).

IV.

Analysis

As supporting facts for his first ground, movant alleges
that Davis "failed to research before filing objections to the
P.S.R., showed up to sentencing unprepared, and effectively
sacrificed his client's appeal." Doc. 1 at PageID 4. He refers
the court to argument in his memorandum recounting events that
transpired at sentencing that caused movant to think that he was
not receiving effective assistance of counsel. Id. at PageID 17-
21. The court addressed those issues at the post-judgment hearing
on the motion to withdraw and appoint new counsel for appeal. CR
Doc. 1315. As the court noted, although the undersigned expressed
frustration with Davis for waiting until the last minute to seek
a continuance of the sentencing hearing, the information he
sought really would not have made any difference in the outcome
of the case. Id. at 5-6. The court noted that Davis had properly
represented movant and would continue to do so, surmising that
some of the information sought was only requested because movant
had insisted on it and not because Davis thought it necessary.
Id. at 6-9. The appellate court determined that there was no

8

abuse of discretion in denying the motion to withdraw and to appoint substitute counsel. Barrett, 718 F. App'x at 289. Nor was there an abuse of discretion in the denial of the motion for continuance. Id.

A movant who claims that his counsel was ineffective due to a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case. United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). Here, movant offers nothing more than conclusory allegations. He mentions Brady v. Maryland, 373 U.S. 83 (1963), but does nothing more than speculate that it might have been violated. Doc. 1 at PageID 19. He mentions Jordan v. Epps, 756 F.3d 395 (5th Cir. 2014), which concerns prosecutorial vindictiveness, but offers no evidence to support its existence.[4] Nor does he support any of his other arguments. In particular, he makes no attempt to show how he received ineffective assistance of counsel on appeal. That he failed to prevail does not establish ineffective assistance. See Dorsey v. Stephens, 720 F.3d 309 (5th Cir. 2013); Ashanti v. Cockrell, No. 3:01-CV-0512-D, 2002 WL 2030721 (N.D. Tex. Aug. 30, 2002). In sum, he has not overcome the presumption that Davis's conduct was within the wide

---

[4] In fact, movant appears to be complaining about the probation officer having overlooked certain information and having to include it in the addendum to the PSR.

range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689.

Movant next argues that he lost the reduction for acceptance of responsibility due to the ineffectiveness of his counsel. Doc. 1 at PageID 22-26. He seems to take the position that the time devoted to the issue at sentencing cannot justify the impact of the court's ruling. <u>Id.</u> at PageID 22. He argues that just because his testimony was not credible does not mean that he lied or was untruthful. Doc. 1 at PageID 23. He overlooks that it was his burden to show entitlement to acceptance of responsibility. <u>United States v. Ragsdale</u>, 426 F.3d 765, 781 (5th Cir. 2005). The court agreed with the probation officer that movant frivolously contested his relevant conduct and that determination is entitled to great deference.[5] <u>Id.</u> See, e.g., <u>United States v. Angeles-Mendoza</u>, 407 F.3d 742, 753 (5th Cir. 2005)(loss of acceptance of responsibility is appropriate where the defendant tries to misrepresent the facts to minimize his role in the offense).

Movant's remaining claims are procedurally barred because he has not shown cause for failing to raise them on direct appeal and actual prejudice resulting from each purported error. <u>Brown</u>

---

[5]Here, it is important to note that the probation officer recommended a denial of acceptance of responsibility before movant testified. Any argument that the loss resulted solely from movant's testimony is not plausible. Movant wants to blame his attorney for making the objections and blame him for having movant testify when the decisions were obviously movant's inasmuch as he continues to argue that he should not have been held responsible for all of the drugs attributed to him.

v. United States, 480 F.2d 1036, 1038 (5th Cir. 1973)(a motion under § 2255 is not a substitute for appeal). Indeed, it does not appear that he could do so.

Misapplication of the sentencing guidelines is not cognizable on collateral review because it does not raise a constitutional claim. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). And, each of the court's findings with regard to movant's guideline calculation was supported by the record and is entitled to great deference. See United States v. Ragsdale, 426 F.3d 765, 781 (5th Cir. 2005). The court adopted the information in the PSR as reliable in addition to making findings after hearing movant's testimony. The court appropriately considered the information presented. See United States v. Harris, 702 F.3d 226, 230 (5th Cir. 2012). As the Fifth Circuit has repeatedly held, statements by coconspirators are sufficiently reliable to form a basis of a finding. United States v. Rico, 864 F.3d 381, 386 (5th Cir. 2017). Further, the two-level enhancement for importation applies even if the defendant himself did not know the methamphetamine was imported. United States v. Serfass, 684 F.3d 548, 552 (5th Cir. 2012). Other arguments of movant are without merit, being factually and legally unsupported. See Doc. 10 at 20-31.

V.

Order

The court ORDERS that the relief sought by movant be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED December 27, 2019.

_____
JOHN McBRYDE
United States District Judge